JOANNA LODGE *vs.* ALEXANDER J. O'TOOLE.

PROVIDENCE—DECEMBER 2, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

In motions in arrest of judgment, and all motions of a similar nature arising on the face of the record, the provisions of the statute relating to new trials are to be followed only so far as they are applicable to such motions.

A motion in arrest of judgment, filed within the time limited, and setting forth the grounds on which it proceeds, need not be followed by a petition for a new trial, but, when so filed, is to be certified to the Appellate Division with the papers in the case.

Gen. Laws R. I. cap. 251, § 9, construed.

ACTION of trespass on the case for slander. Heard on defendant's exception to the rulings of the Common Pleas Division.

MATTESON, C. J. This is an action of trespass on the case for slander.

The defendant, on May 12, 1897, within five days after the verdict of a jury against him, filed his motion in arrest of judgment, on the ground that the declaration did not set forth a cause of action. On June 7, 1897, the plaintiff filed a motion for judgment and execution. These motions were heard by the Common Pleas Division June 12, 1897. For the plaintiff it was contended that the defendant had lost his right to have his motion certified to this Division, because he had not complied with the statutory requirements relating to the certifying of such motions to this Division. For the defendant it was insisted that all the statutory requirements had been fulfilled. The Common Pleas Division ruled that the plaintiff was entitled to judgment on the verdict and to execution, on the ground that the defendant's motion was of no effect because he had failed to comply with the statutory requirements necessary to entitle him to have his motion certified to this Division, and accordingly granted the plaintiff's motion for judgment and execution. The defendant excepted to the rulings of the Common Pleas Division, and

filed his petition for a new trial, alleging that the rulings were erroneous.    The case is before us on this petition.

Gen. Laws R. I. cap. 251, § 9, provides that "after conviction, in criminal cases, and after verdict by the jury, or decision by the court, in civil cases, all motions in arrest of judgment, and all motions of a similar nature or purpose, arising on the face of the record only, shall be filed within five days after conviction, verdict .or decision, respectively ; and in other respects shall follow the same course as claims for new trials on questions arising on the record, and shall be heard by the appellate division of the supreme court."

We think that the requirement that such motions, when filed within the time limited, shall follow in other respects the same course as claims for new trial on questions arising on the record, is to be construed as requiring the following of the same course so far as applicable.    Neither the rulings of the Common Pleas Division nor the brief of the plaintiff specifies wherein the defendant failed to comply with the requirement of section 6 of the chapter referred to, regulating the procedure in case of petitions for new trial.    The first section of the clause, relating to notice of intention to prefer a petition for a new trial, is dispensed with by the filing of the motion itself within the five days limited for so doing. The second clause relates to petitions for new trials founded on rulings, or on evidence and rulings thereon to be brought on the record, and provides for the filing of a statement of the rulings, or of such evidence and rulings, for allowance. This clause clearly has no application to a motion for arrest of judgment, which arises, not upon rulings or evidence and rulings thereon, but on the record itself.    The third clause requires that within fifteen days after said·five days, or within fifteen days after the filing of the statement or statements referred to in the second clause, a petition for new trial shall be filed stating specifically the grounds for such new trial ; and provides that, in case all the steps specified in the clause have been taken, judgment shall be stayed, but that in case of default in any step judgment shall be entered as if such claim had not been made, &c.    We do not see that this

clause is applicable to a motion in arrest of judgment. Such a motion of itself sets forth, and must necessarily set forth, the ground on which it proceeds. To require a petition for a new trial to be filed in addition to it, setting forth specifically the grounds enumerated in it, would be an idle proceeding. We are of the opinion that all that is intended by the requirement of section 9 is that, on the filing of the motion within the time limited, the clerk of the Common Pleas Division shall certify the papers in the case to the Appelate Division, as provided in the fourth clause of section 6, in the same manner as though it were a petition for a new trial.

We think, therefore, that the Common Pleas Division erred in granting the plaintiff's motion for judgment and execution, and that the motion in arrest of judgment should have been certified to this Division for hearing.

Petition for new trial granted, and case remitted to the Common Pleas Division with direction to certify it to this court on the defendant's motion in arrest of judgment.

*C. Frank Parkhurst*, for plaintiff.

*James A. Williams*, for defendant.